

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00044-CR

_____

EMMANUEL SALDANAMEDINA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1813336

---

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

A jury found Appellant Emmanuel Saldanamedina guilty of aggravated sexual assault, a first-degree felony, *see* Tex. Penal Code Ann. § 22.021(a)(1)(A)(i), (a)(2)(A)(ii), (e), found true the two prior felony convictions alleged in the habitual offender notice, *id.* § 12.42(d) (changing the punishment range to life "or for any term [of years] of not more than 99 years or less than 25 years"), and assessed his punishment at sixty years' imprisonment in the penitentiary. The trial court sentenced Saldanamedina in accordance with the jury's verdict. In the judgment, for time served, the trial court credited 370 days toward Saldanamedina's sentence and $350 toward his costs and fees—effectively all his costs and fees.

Saldanamedina's court-appointed appellate counsel has filed a motion to withdraw and a supporting brief in which he asserts that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and shows why no arguable grounds for relief exist; it thus meets the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991). Counsel also complied with *Kelly v. State*'s requirements. *See* 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[1]

---

[1]*Kelly* listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to

Saldanamedina neither sought access to the appellate record nor filed a pro se response. The State filed a letter response in which it agreed with appellate counsel that Saldanamedina's appeal was frivolous.

Notwithstanding appointed counsel's fulfilling *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only if we agree that the appeal is frivolous may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing counsel's brief and the appellate record, we find nothing that might arguably support the appeal and agree that an appeal would be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We thus grant counsel's motion to withdraw and affirm the trial court's judgment.

---

review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

*Kelly*, 436 S.W.3d at 319 (footnote omitted). *Kelly* also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 6, 2025